

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
KATHERINE MORENO and AARON DUMAS, :
etc., : No. 13 Civ. 5708 (GBD)
:
Plaintiffs, : **ECF CASE**
:
-against- : **STIPULATION AND**
: **ORDER RE CONFIDENTIALITY OF**
SONY MUSIC ENTERTAINMENT, and/or any : **DOCUMENTS AND INFORMATION**
other entities affiliated with or controlled by :
SONY MUSIC ENTERTAINMENT, :
:
Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, the parties to the this action anticipate exchanging documents and information during the course of this action that either Plaintiffs or Defendants will assert contain confidential, proprietary, trade secret, or personal information concerning the parties, third persons and/or the events and occurrences forming the subject of this action;

The parties to this action, through their respective counsel of record, **HEREBY STIPULATE** to the following, and request that this Stipulation be entered as an Order of the Court:

1. For the purposes of this Stipulation and [Proposed] Order Re Confidentiality of Documents and Information (the "Protective Order"), "Confidential Information" shall mean all documents, information or other materials (including the contents thereof) that contains sensitive non-public business information, proprietary, trade secret, or private information of a personal, financial or sensitive nature regarding: (a) the parties to this action; and/or (b) current or former interns, employees, officers and/or directors of Sony Music Entertainment or companies related to it. All information or material that the producing party believes in good faith fits within the above definition and is worthy of protection may be marked or designated "Confidential," to be treated in accordance with the provisions of this Protective Order.

2. Confidential Information produced in connection with this action may be used and retained for purposes of this action only.

3. Access to and/or disclosure of all or any part of the Confidential Information shall be permitted only to the following persons (the "Designated Persons"):

    (a) The parties to this action.

    (b) Third parties who are deposed by any party in this action.

    (c) Counsel for the parties to this action, including in-house counsel and their paralegals and/or assistants, who are charged with responsibility for and are actively engaged in the preparation of this matter for trial and in the actual trial on this matter or any appeal therein ("Counsel"), and Counsel's employees and independent contractors, such as paralegals, secretaries and clerical employees, who are actually involved in the preparation and/or trial of this action or any appeal therein.

    (d) Employees and independent contractors of the parties (other than Counsel's paralegals and assistants) hired or retained solely for the purpose of prosecuting or defending this action.

    (e) Experts and consultants retained by the parties to assist in the preparation and trial of this action.

    (f) Court reporters at deposition and trial or in connection with any hearing in this action.

    (g) The Judge in this action, the members of the jury, and all Court personnel.

4. All those Designated Persons identified in paragraphs 3(d) and 3(e) to whom access to Confidential Information is permitted and/or disclosure of Confidential Information is made shall, prior to such access or disclosure, be required to read this Protective Order and agree in writing to comply with its terms. If any such person fails or refuses to agree in writing to comply with the terms of this Protective Order as to any particular Confidential Information, disclosure of such Confidential Information shall not be permitted to that person at that time.

The parties, or any of them, may then seek relief from the Court as to, among other things, whether or not such person is one to whom the Confidential Information should be disclosed.

5. Confidential Information may be used solely in connection with this action, including but not limited to for the purposes of motions, hearings, briefs, preparation for trial, and trial. Except as specifically provided herein, each Designated Person will hold in confidence and not disclose to anyone else, or use in any fashion, any Confidential Information, or any excerpt, summary, abstracts or index thereof.

6. This Protective Order shall not alter the rights of any such person who, notwithstanding disclosure pursuant to this Protective Order, currently has access to, or possession of, Confidential Information.

7. If Confidential Information is disclosed at a deposition, whether by testimony or as exhibits, only those persons may be present who are authorized by the terms of this Protective Order to have access to such material. Either party may designate portions of the transcript as confidential by notifying the other party on the record at the time of the testimony, or in writing within fourteen days of receipt of the transcript of the pages and lines that contain Confidential Information. All parties shall treat deposition transcripts as Confidential Information in their entirety from the date of the deposition through the fourteen-day designation period.

8. No modification or other change to this Protective Order shall be effective unless it is in writing and signed by all counsel of record, or has been reduced to an Order of the Court.

9. By agreeing to the procedures set forth in this Stipulation, none of the parties agrees to produce any documents or waives or prejudices any objection he or it may have to the production of any documents. Nothing contained herein shall prejudice the right of a party to object to the production of any documents. In addition, the fact that a party has entered into this Protective Order is not, and shall not be argued or deemed to constitute, a waiver of any objections they may have to the production of documents (including any objections based upon the attorney-client and/or attorney work-product privileges). This

agree in advance to another manner for the submission of Confidential Information contained in court filings.

12. All Confidential Information produced during discovery, and all copies, digests, or summaries made thereof, including copies, digests, or summaries distributed to experts or consultants, and those appended to depositions, shall either be: (1) returned to the producing parties within sixty (60) days after final determination of this action; or (2) destroyed by the party possessing such Confidential Information within sixty (60) days after final determination of this action. In the event a party chooses the latter option, the party shall provide the other parties with a certificate attesting to such destruction within ten (10) days after such destruction occurs. Nothing herein shall prohibit counsel from retaining copies of its work product referencing or otherwise discussing Confidential Information or complying with its record-keeping requirements.

13. If any party is served with a subpoena or Court Order requiring the disclosure of any Confidential Information, that party shall notify all other parties to this action in writing c/o each party's respective counsel of record via facsimile and overnight mail within three business days of being served with such subpoena or Court Order.

DATED: August 8, 2014    By:    /s/LaDonna Lusher
                                Lloyd Ambinder
                                LaDonna Lusher
                                111 Broadway, Suite 1403
                                New York, New York 10006
                                (212) 943-9080
                                lambinder@vandallp.com
                                *Attorneys for Plaintiffs*

DATED: August 8, 2014    By:    /s/Mark W. Batten
                                Mark W. Batten
                                Elise M. Bloom
                                Alison M. Langlais
                                Proskauer Rose LLP
                                Eleven Times Square

New York, New York 10036
(212) 969-3000
mbatten@proskauer.com
alanglais@proskauer.com
*Attorneys for Defendant*

## ORDER

The above Stipulation of the parties is **HEREBY ENTERED** as an Order of the Court.

Dated: AUG 11 2014

_____
Honorable George B. Daniels
United States District Judge