```
F78VMORC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

KATHERINE MORENO, ET AL,

            Plaintiffs,

      v.                             13 CV 5708 (GBD)

SONY CORPORATION OF AMERICA,
ET AL,

            Defendants.
------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

BRITT'NI FIELDS, ET AL,

            Plaintiffs,

      v.                             13 CV 6520 (GBD)

SONY CORPORATION OF AMERICA,
ET AL,                                    CONFERENCE

            Defendants.
------------------------------x
                                     New York, N.Y.
                                     July 8, 2015
                                     10:40 a.m.
Before:

            HON. GEORGE B. DANIELS,

                                        District Judge
```

F78VMORC

1                              APPEARANCES

2    VIRGINIA & AMBINDER
          Attorneys for Plaintiffs
3    BY:  LADONNA MARIE LUSHER
          KARA SUE MILLER
4
     PROSKAUER ROSE
5         Attorneys for Defendants
     BY:  MARK W. BATTEN
6         NOA BADDISH

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1              (Case called)

2              THE COURT:  Ms. Lusher, let me start with you.

3              Since we spoke, quite frankly, I'm still struggling

4    with trying to identify the commonality among all interns in

5    New York.  I've gone back and looked at the material I had

6    before and the subsequent material that you've identified.

7              At this stage, I think that unless you can point me to

8    something now that you have before you finish the class

9    discovery and seek certification of the class, I can only

10   characterize the evidence at this point as, I guess, anecdotal

11   any percentage of certain factors apply to some of the interns.

12             I'm not quite sure what legally relevant factor that I

13   can identify that applies to every single intern.  I see that

14   there's some instances where particular interns talk about the

15   specific jobs and tasks that they did.  And I think that there

16   was also -- you said:  Plaintiffs reviewed all 1368 intern

17   request forms produced by Sony.  Out of this total, 726

18   explicitly state that an intern's daily responsibility would

19   include administrative tasks.

20             Well, that wouldn't give me a basis to qualify 1368

21   interns as part of the class.  It would exclude 45 percent of

22   the people that you say you want to be in the class, because

23   only about 55 percent of these four intern request forms say

24   that they had daily responsibilities that include

25   administrative tasks.

1           Now, whether or not there's some other evidence that
2  indicates that that is something that is common as to all New
3  York interns or that the discovery with regard to the class
4  discovery is producing that kind of evidence, I can't say that
5  the fact that 55 percent of the people that you want to be in
6  the class, their forms include administrative tasks, that that
7  would put all 1368 members in the class.
8           My inclination at this point is unless you can
9  identify something that I can latch onto, that I can
10 affirmatively say the evidence indicates is common to all New
11 York interns, my inclination at this point would be to deny
12 without prejudice your application to send out notice.  And
13 I'll let you finish the class discovery and make that
14 determination when I make a determination of whether or not I'm
15 going to certify this class.
16          I am less confident that I have a basis at this point.
17 I don't know whether I will have a basis after class discovery
18 is completed.  But that I have a basis at this point to point
19 to evidence that I would be confident that it is likely that a
20 class of all interns working in all departments, regardless of
21 what the difference is between the departments and the nature
22 of the work done in those departments, is going to reflect a
23 class-wide commonality of working interns that would put each
24 intern, no matter where they worked and what they did, in a
25 class of individuals who have a common experience simply

1    defined as a New York intern in some way.
2             Is there something that I am missing at this point
3    that I can articulate and you can articulate that there's
4    evidence -- particularly even using the most liberal
5    standard -- that there is something that I can say that I know
6    applies to all interns at this point, short of you completing
7    discovery on class certification?
8             MS. LUSHER:  I believe that there is some deposition
9    testimony about interns performing administrative tasks.  But
10   we are fine with proceeding with class-wide discovery, your
11   Honor.
12            THE COURT:  As I said obviously several times and
13   given significant consideration to this and to further
14   submissions, I am struggling with trying to articulate the
15   factors that I say apply to all class members.  And, as I say,
16   some of the evidence at this point is significantly anecdotal
17   and some of the evidence is percentages.
18            But I am still struggling with defining the class as
19   broadly as you want to send out the notice that simply because
20   they were an intern in New York, that means they all have a
21   common claim.  I am not sure at this point that's true.
22            I don't know if I have any evidence yet that says it's
23   not true from the other side, but I assume that that's what the
24   nature -- I don't know where you are in terms of discovery and
25   at what point that you say that you are going to be prepared to

1    seek class certification.
2              How much more do you think needs to be done with
3    regard to that issue?
4              MS. LUSHER:  Right now we are working out some ESI
5    discovery.  I think that that's our next biggest step, as far
6    as discovery goes.  There could be some follow-up possibly
7    depositions after that.  But at this point we are anxious to
8    get the ESI to see what it shows.
9              THE COURT:  I guess this is an unfair question, but
10   the nature of discovery that you are producing at this point,
11   is it giving you more confidence or less confidence that the
12   class as you have defined it is going to end up being the class
13   that you are ultimately going to ask to be certified?
14             MS. LUSHER:  I don't know that I can answer that with
15   the discovery that we have now.  As I said, we are anxious to
16   get the ESI.  I think that we feel that it's developing in a
17   way that we like.  But I don't know that I can give your Honor
18   a completing --
19             THE COURT:  So what's your timetable on that?
20             MS. LUSHER:  I believe the schedule says that we are
21   supposed to have completed pre-class certification discovery by
22   May 15th; but we had discussed that at the last conference to
23   ask for an extension.  The cutoff for discovery is supposed to
24   be in October, and then dispositive motions made in November.
25             I don't know how long it's going to take the

1   defendants to produce the ESI to us, so that's going to decide
2   how quickly we can make a motion after that.
3           THE COURT:  In relationship to the dispositive motions
4   and the close of all discovery, is there a time before that
5   that you want to move for class certification?
6           MS. LUSHER:  Honestly, October may be a reasonable --
7   again, I would have to ask them how long it's going to take for
8   the ESI to be produced.  But it could be that that cutoff may
9   be a date that would be when we would move for class
10  certification, if we were going to.
11          THE COURT:  I am still prepared to at least address
12  that issue as early as possible, that you feel that you are in
13  a position to do so.
14          I know you're anxious to send out the notices, and
15  you're probably even anxious to get the class certified.  And I
16  am willing to do it as quickly as I feel that we are all
17  comfortable that we know what's out there.  If I have a
18  question to ask, then we all know what exists or what doesn't
19  exist and we can discuss that in that vein.
20          But, as I say, given your answer to my question about
21  you're not exactly sure where it's going to end up, it's sort
22  of consistent with my reaction that I don't know where we are
23  and I don't know what the evidence is ultimately going to show.
24  So far I haven't seen the smoking gun, as they say, with regard
25  to the class, the entire class.

1          MS. LUSHER:  I do believe I can foresee a couple more
2     depositions occurring.
3          THE COURT:  How would you want to proceed at this
4     point?
5          MS. LUSHER:  I think that I'd like to continue trying
6     to work with the defendants on the production of the ESI, and
7     also speaking with them about depositions and a schedule.
8     We've been able to agree upon things before, so I would hope we
9     could work those things out.
10         THE COURT:  Mr. Batten, what's your position?
11         MR. BATTEN:  A couple of things, your Honor.
12              As your Honor may know, the Second Circuit decided a
13    very important case for this case last Thursday, and held,
14    contrary to the standard that the plaintiffs have been
15    proposing, that this case has to be decided on the basis of the
16    primary beneficiary test, which is whether an intern at the
17    company got more out of it.
18              The Court called it a highly individualized test, and
19    said at least in the *Fox* and *Hirsch* cases, that they couldn't
20    get a class together, even for the most lenient conditional
21    certification standard.
22              So in light of that decision and the large amount of
23    evidence that's already in the record in this case, your Honor,
24    we are reluctant to have to frankly spend the money on ESI and
25    other expensive discovery in a case where it's now clear under

the governing legal standard that the plaintiffs are not going to be able to certify a class at all. And we would seek permission to move for summary judgment on the class claims of this case, because it is already clear that no class can be certified, especially under the law that now governs this case.

THE COURT: Well, my position would be this: If you are prepared to very quickly give them at least what they believe is the responsive discovery with regard to the issue of class certification -- and I know that both sides have at least come to terms or at least close to the terms of what is the relevant evidence with regard to class certification -- then I'm willing to address that issue before. And if you think that that motion or another motion should lie before the completion of discovery, I am willing to consider that.

But I think the first thing that, as I say, makes sense is that I need to know whether or not we have a class, not whether the class is going to win or the individuals are going to win. If we can resolve that up front, then that may significantly advance whether or not there's really any need for a full-blown summary judgment motion or full-blown discovery.

MR. BATTEN: We agree, your Honor.

And our position, your Honor, is that there already has been enough discovery to answer that question. And to put the defendants through what's probably a couple $100,000 -- I'm

1  making that number up, but it's probably in that ballpark -- to
2  produce email from a bunch of different custodians, searching
3  and hiring a vendor and all that, when the record is already
4  fairly robust is just a needless expense on our part. We'd
5  like to take a shot at the class question now.
6        Plaintiffs, of course, don't have an incentive to do
7  that. Their incentive is to get as much discovery as they can
8  and try to keep this case alive. But the record before your
9  Honor shows that they can't meet that standard that the Second
10 Circuit has now established.
11       It is inherently an individualized test. As the Court
12 makes clear in the *Fox* opinion, it would take a very extreme
13 set of factual circumstances to have any kind of collective --
14 let alone 1700 -- interns. They just can't do it, your Honor.
15       THE COURT: What do you want to move on? What's the
16 extent of the limit of what you want to move on?
17       MR. BATTEN: We want to move, your Honor, on the class
18 question, just whether there is a class or not. And it's
19 really the same thing that the plaintiffs have been taking up
20 three times now over the last 15 months. Your Honor would say,
21 quite wisely, it required more than some other courts had
22 required for conditional cert., and the Second Circuit has now
23 said that was the right approach. Because these cases really
24 are going to be extremely difficult to certify.
25       We are not talking about getting to the merits; we are

1  not talking about who's going to win and who's going to loose;
2  just briefing and deciding finally this question of whether
3  there could possibly be a class on the evidence that we already
4  have.
5      THE COURT:  Well, I think, in fairness, I don't have
6  any problem receiving either a motion to certify the class in
7  September or October and/or a summary judgment motion with
8  regard to the class at the same time during that time period if
9  I'm fairly confident that you have completed the relevant
10  discovery with regard to class certification.  And what I
11  understood, maybe it was not the correct understanding, but
12  what I understood is that you were engaged, at least up front,
13  in targeted discovery with regard to class certification.
14      MR. BATTEN:  There had been discussions about ESI for
15  a handful of custodians, that's true.  That was being discussed
16  before this Second Circuit decision came out and changed the
17  standard.  It changed the class certification rules really for
18  these kinds of cases.
19      THE COURT:  What else are we talking about other than
20  ESI and maybe two or three more depositions?
21      MR. BATTEN:  The plaintiffs haven't told us anything
22  else that they want, so I assume that's the limit of it.
23      THE COURT:  This is the way I think we ought to
24  proceed:  I think that Ms. Lusher should tell you exactly the
25  extent of the ESI that she says is specifically targeted to the

1  issue of class certification, and be able to articulate what it
2  is that she is really looking for.  You should make a decision
3  whether or not you can quickly and efficiently, less
4  expensively respond to that and produce that.  She should also
5  identify for you if she believes that there are a handful of
6  depositions that should be taken with regard to that issue,
7  too, she should identify who those people are.  As I say, two
8  or three depositions, 25,000 targeted ESI documents, then get
9  them together, do the depositions, and be in a position to go
10 ahead and file the motion.
11          My inclination would be that you should attempt to do
12 that and come to some understanding of what is the limited
13 universe of discovery that should be completed before the issue
14 of class certification should be decided.  And I think that
15 that should be done between now and September, the end of
16 September.
17          I think you should plan on filing motions with regard
18 to class certification or with regard to your summary judgment
19 motion on denied class certification by the end of
20 September/1st of October.  So if you can come to some
21 understanding of what is the relevant discovery on that, and
22 that can be efficiently completed between now and September,
23 then plan on the end of September being able to either move for
24 class certification and renewing the motion to send out the
25 notices or moving for a judgment that class certification is

1    not appropriate.
2             See if you can agree on what discovery is appropriate
3    to that and what's reasonable for that, short of the whole
4    universe, of discovery.  To the extent that you disagree, then
5    you should get me a letter specifically articulating what
6    discovery is in dispute, and then I will make a very quick
7    decision as to whether or not -- given how you explain it and
8    how it's related or not related to class certification, and
9    then I will make a quick decision as to whether or not you have
10   to do that before the motions are filed.
11            MR. BATTEN:  Very well.  Thank you, your Honor.
12            THE COURT:  And then we can sort of put -- even if we
13   have to extend it, the close of all further discovery, we can
14   put that behind the motions or to the extent it makes sense to
15   move forward during the pendency of the motion with some of it,
16   we can prepare to go forward so that the rest of discovery can
17   be completed by the end of the year or by the beginning of next
18   year.  If we go forward with class certification, sending out
19   the notices, then it will be before the end of the year.  I
20   think that's the efficient way to try to proceed.
21            Obviously a decision as to whether to certify a class
22   and send out collective notices is going to significantly
23   affect the resolution or the prosecution and defense of these
24   issues.
25            I would say get together and try to come up with at

1    least a quick schedule for filing a motion and responding and
2    replying to the motion.  And if you're both going to file
3    motions, then I would exchange them simultaneously by, say,
4    October 1st, shoot for that date.  If you can agree upon
5    another date before or after that, I will probably be flexible
6    with that.
7            But I'd really like to see this issue resolved by
8    being confident that discovery has been done substantially, if
9    not totally, complete discovery that's relevant to the issue of
10   class certification, and that the parties are in a position to
11   confidently say to me this is what we have and this is what we
12   don't have.
13           But, as I say, I can make a judgment as to whether or
14   not something the plaintiff says is necessary for class
15   certification is something that is appropriate to have in
16   discovery before that motion is made or a determination of
17   whether it's reasonable or unreasonable for the defense to say,
18   Well, I shouldn't have to produce X because that would not --
19   there's no real possibility that that's going to be
20   determinative of class certification.  I want it clearly
21   articulated by either side why it's necessary and why it's not,
22   and then I will resolve it right away.  Literally a quick
23   letter and a response within seven to ten days so I can just
24   resolve it and you can go forward, either do it or not.
25           Now, I'm not going to preclude you from making the

1     motion.  If you want to make the motion anyway, you can make
2     the motion.  But if the motion is premature, I'm going to deny
3     it out of hand on that basis.
4             Let's be prepared.
5             I think at this point there shouldn't be a whole lot
6     of guesswork left in terms of where you go and what you're
7     looking for and how the case is going to be prosecuted or how
8     it's going to be defended.  So pull out the evidence, put this
9     to rest either way and let's address it and move forward.
10            So I think what I will do is you should consult on
11    that and just give me a letter telling me where you are, where
12    you agree, and where you disagree.  And give me a schedule of a
13    motion that will be filed by October 1st, on or before.
14            And what I will do is I'm going to set a conference
15    for September 17th.  We may not need to have that if we're
16    moving forward and I just anticipate that I'm going to get
17    these motions.  I can just literally put that date off until --
18    my guess is within a week of my getting the full set of papers
19    I'm going to have you in here, we're going to be discussing it.
20    So move forward and try to resolve this as quickly as possible.
21            But, otherwise, if there are issues that we have to
22    resolve or are related to that or otherwise, we can do that on
23    the 17th of September, and then we can see where we want to go
24    with regard to class certification and where we are going
25    ultimately with regard to closing out the rest of discovery

1      without class certification discovery.
2              So let's schedule it for 10:30 on the 17th.  And let
3      me know what you can work out, where you disagree as quickly as
4      possible.  I will consult on these issues in the next ten days.
5      And let me know within the next two to three weeks whether or
6      not you come to some understanding of what's going to be
7      produced and reviewed with regard to class issues and what you
8      think you want that the other side doesn't want to give and
9      what you think you shouldn't have to give, and then we have to
10     be as specific as possible, because I am going to assume that
11     you're going to give me as much detail as is necessary for me
12     to make that quick decision based on the papers.
13             As I say, if you have to struggle to articulate why
14     you take a position, you're probably going to lose; it's clear
15     from the papers you're probably going to lose.
16             So let's do it that way.
17             So we'll see where we are and see if we can resolve
18     this as quickly as possible and move forward.
19             So, Ms. Lusher, is there anything else we need to
20     address today?
21             MS. LUSHER:  Not from plaintiffs, your Honor.
22             THE COURT:  All right.
23             And Mr. Batten?
24             MR. BATTEN:  No, your Honor.  Thank you.
25             THE COURT:  All right.

F78VMORC

1          Let's proceed that way.  And then let's see if that
2     will put us on the right track.
3          All right.  See you in September, unless I hear from
4     you before then.  If we need to meet before then, let me know;
5     I'll be here most of the summer having other conferences.
6          MS. LUSHER:  Thank you.
7                         *    *    *