UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
KATHERINE MORENO and AARON DUMAS,
etc.,

                   Plaintiffs,

           -against-

SONY MUSIC ENTERTAINMENT, and/or any
other entities affiliated with or controlled by
SONY MUSIC ENTERTAINMENT,

                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Civil Action No. 13-cv-5708

**SETTLEMENT AND RELEASE
AGREEMENT**

This Confidential Settlement and Release Agreement (the "Agreement") is made and

entered into by and between Katherine Moreno, Aaron Dumas, and Ikenna Okpala (collectively,

"Plaintiffs"), and Defendant Sony Music Entertainment ("Defendant"). Plaintiffs and Defendant

may be referred to collectively as "the Parties."

WHEREAS, Plaintiffs Moreno and Dumas filed a Collective Action Complaint in the

United States District Court for the Southern District of New York (the "Court"), Case No. 13-

cv-5708 (GBD) (the "Lawsuit"), captioned *Katherine Moreno and Aaron Dumas, individually*

*and on behalf of other persons similarly situated who were employed by Sony Music*

*Entertainment against Sony Music Entertainment, and/or any other entities affiliated with or*

*controlled by Sony Music Entertainment.* On September 18, 2014, Okpala filed a "Consent To

Join Lawsuit" as an opt-in plaintiff. In the Lawsuit, Plaintiffs, through their counsel, Virginia &

Ambinder, LLP and Leeds Brown Law, P.C. (jointly "Plaintiffs' Counsel"), on behalf of

themselves and other purportedly similarly situated individuals, asserted claims under the Fair

Labor Standards Act ("FLSA") for unpaid wages and other relief.

WHEREAS, Defendant denies any liability or wrongdoing of any kind associated with Plaintiffs' claims but enters into this Agreement to avoid the expense, inconvenience, burden, distraction and diversion of their personnel and resources, risk, and uncertainty of outcome that are inherent in any litigation, and to resolve fully and finally all of Plaintiffs' claims against it as described in this Agreement.

WHEREAS, Defendant has conducted an investigation into the allegations raised by Plaintiffs and evaluated the information elicited through its investigation and discovery in this matter and concluded that, despite Plaintiffs' good faith belief, Defendant is not liable for any of Plaintiffs' alleged damages, and Defendant has good defenses to all of Plaintiffs' claims.

WHEREAS, Plaintiffs and Plaintiffs' counsel have performed a thorough study of the law and facts relating to Plaintiffs' claims and have concluded, based upon their investigation and discovery, and taking into account the sharply contested issues, the expense and time necessary to pursue an action through litigation and any appeal, the risks and costs of prosecution of any such litigation, and the uncertainties of complex litigation and any appeal, that a settlement with Defendant on the terms set forth herein is fair, reasonable, and adequate. Plaintiffs have agreed to settle all their claims on the terms set forth herein.

WHEREAS, The Parties intend to fully, finally, and forever settle, compromise, and discharge all disputes and claims which exist between Plaintiffs and Defendant based on, arising out of, or related to Plaintiffs' internships with Defendant.

Based on the above understandings, THE PARTIES HEREBY STIPULATE AND AGREE as follows:

2

## PAYMENT

1.    In exchange for the promises, releases, and waivers made by Plaintiffs in Paragraph 2, below, and throughout this Agreement, and in full and complete satisfaction of any and all claims that Plaintiffs had, have or may have based on, arising out of, or related to their internships with Defendant, Defendant agrees to pay Plaintiff and Plaintiffs' Counsel as follows:

a.    Settlement Payments:  Defendant agrees to pay Plaintiffs and Plaintiffs' Counsel on the Payment Date the gross amount of Sixty Seven Thousand Dollars and no cents ($67,000.00) as follows:

> i.    *Payment to Plaintiff Katherine Moreno*: Defendant agrees to pay to Plaintiff Katherine Moreno Five Thousand Dollars and no cents ($5,000.00), less applicable deductions and withholdings, representing wages, for which Defendant will issue an IRS Form W-2;

> ii.    *Payment to Plaintiff Aaron Dumas*: Defendant agrees to pay to Plaintiff Aaron Dumas Five Thousand Dollars and no cents ($5,000.00), less applicable deductions and withholdings, representing wages, for which Defendant will issue an IRS Form W-2;

> iii.    *Payment to Opt-In Plaintiff Ikenna Okpala*: Defendant agrees to pay to Opt-In Plaintiff Ikenna Okpala Three Thousand Dollars and no cents ($3,000.00), less applicable deductions and withholdings,

> representing wages, for which Defendant will issue an IRS Form
> W-2; and
>
> iv.   *Payment to Plaintiffs' Counsel*:  Defendant agrees to pay to
> Plaintiffs' Counsel for past, present and future attorneys' fees,
> costs and expenses incurred in the representation of Plaintiffs in
> the Lawsuit, including the settlement thereof, the total amount of
> Fifty-Four Thousand Dollars and no cents ($54,000.00).  No taxes
> will be withheld from this payment.  Defendant will issue an IRS
> Form 1099 to Plaintiffs and Plaintiffs' Counsel for that amount.

      b.   Allocation of Settlement Payments:  Defendant shall be responsible for preparing and filing IRS Forms W-2 and 1099 consistent with Paragraph 1(a) of this Agreement. Plaintiffs are responsible for paying appropriate taxes due on the payments received, and agree to fully indemnify and hold Defendant harmless for any local, state or federal income taxes, penalties, interest, fines or assessments incurred by Plaintiffs as the result of any payment made pursuant to this Agreement as to which income taxes are not withheld.

      c.   Settlement Payment Does Not Trigger Additional Benefits:  All payments pursuant to this Agreement shall be deemed to be paid to Plaintiffs solely in the year in which such payments are made by Defendant.

      d.   Plaintiffs understand and agree that they would not be entitled to receive the monies and benefits specified in this Paragraph 1, except for their execution of this Agreement and fulfillment of all the promises contained herein that pertain to them.

4

e.       Plaintiffs' Counsel retains and reserves all rights to appeal or seek

reconsideration of any order of the Court reducing the amount of attorneys' fees, costs and

expenses to be paid to Plaintiffs' Counsel. Defendant shall not oppose Plaintiffs' Counsel's

appeal or motion for reconsideration so long as Plaintiffs' Counsel seeks an amount that does not

exceed the payment contemplated in paragraph 1(a)(iv).

## RELEASE BY PLAINTIFFS

2.       In exchange for the promises made by Defendant in Paragraph 1, above, and

throughout this Agreement, as of the Effective Date, and except as to rights or claims created by

this Agreement, Plaintiffs, on behalf of themselves, their current, former and future heirs,

spouses, executors, representatives, administrators, agents, assigns, successors, and attorneys,

fully release and discharge Defendant and its respective present and former parent companies,

subsidiaries, related or affiliated companies, shareholders, officers, directors, employees,

members, managers, joint ventures, joint employers, employees, fiduciaries, trustees, employee

benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or

entities acting by, through, under, or in concert with any of them, and any individual or entity

which could be jointly liable with any of them (collectively, "Releasees"), from any and all

claims, debts, losses, demands, obligations, liabilities, causes of action, charges, grievances,

costs, expenses, complaints or suits of any type or nature, whether known or unknown, based

upon or relating to actions, omissions or events arising from or related to Plaintiffs' internships

with any of the Releasees.

This general release of claims includes, but is not limited to: (i) claims directly or

indirectly arising out of Plaintiffs' internships with any of the Releasees; (ii) any claims for

5

compensation of any kind or nature, including the nonpayment or inaccurate payment of wages under any federal, state, local or international law (including, but not limited to, the FLSA and New York Labor Law); (iii) any wage and hour claims which could have been alleged, including without limitation all claims for restitution and other equitable relief, liquidated damages, punitive damages, wages, penalties of any nature whatsoever, other compensation or benefits, including 401(k) benefits or matching benefits, retirement or deferred compensation benefits claims on account of unpaid wages, overtime, and/or other compensation, and/or attorneys' fees and costs; (iv) any claims of employment discrimination, retaliation, or harassment; (v) any claims pursuant to any other federal, state, local, or international statute, executive order, constitutional provision, regulation, or ordinance; and (vi) any claims based on tort.

3.     By virtue of the foregoing, Plaintiffs acknowledge and agree that they have waived all relief available to them (including without limitation, monetary damages and equitable relief) under any of the claims being released in this Agreement. In addition, Plaintiffs forever agree, to the maximum extent allowable by law, that they will not institute, nor accept any other relief or benefit from, any other suit, class or collective action, administrative claim, or other claim or proceeding of any sort or nature whatsoever against Defendant, relating to the claims being released herein.

4.     Plaintiffs expressly waive any claim or right to assert hereafter that any claim, demand, obligation, and/or cause of action has, through ignorance, oversight or error, been omitted from the terms of this Agreement.

5.     Plaintiffs warrant that other than the Lawsuit, they have not commenced, or been party to, any action or proceeding or filed any such administrative charges or court complaints or

6

proceedings of any kind (on their own behalf and/or on behalf of any other person and/or as a member of any class or collective of persons) against or involving the Releasees or any of them individually.

6.      Plaintiffs acknowledge and agree that, pursuant to the FLSA and similar state laws and regulations, the Settlement Payments set forth in Paragraph 1, above, cover, among other things, compensation (including any alleged amounts for liquidated damages and attorneys' fees) for all hours Plaintiffs interned for Defendant.

## DISMISSAL AND COURT APPROVAL

7.      The Parties agree to cooperate and take all necessary and appropriate steps to dismiss the Lawsuit with prejudice and on the merits. Specifically, Plaintiffs shall prepare and file a joint motion (with Defendant's consent as to the content, which shall not be unreasonably withheld) for approval of the settlement described herein. The Parties agree that they will jointly request that the Court sign the Order of Dismissal attached hereto as Exhibit A.

## PAYMENT DATE

8.      The Payment Date of this Agreement shall be on or before the 10th day following entry by the Court of a final order dismissing this case with prejudice.

## EFFECTIVE DATE

9.      The Effective Date of this Agreement shall be that date as of which this Agreement has been fully executed; provided, however, that if the Court does not approve this Agreement, and the basis for the Court's disapproval does not involve a material term of this

7

Agreement, the Parties shall make good faith efforts to modify this Agreement so as to obtain the Court's approval; and, provided, further that if, for any reason, the Court does not approve this Agreement, the Agreement shall be void ab initio. Neither this Agreement, nor any ancillary documents, actions, statements or filings in furtherance of settlement, shall be admissible or offered into evidence in any legal proceeding for any purpose whatsoever, except for the purpose of enforcing the terms of this Agreement.

## NON-DISPARAGEMENT AND NON-SOLICITATION

10.     Plaintiffs agree that they will not disparage (or induce or encourage others to disparage) the Releasees for reasons related to the claims alleged in the Lawsuit. For purposes of this Agreement, the term "disparage" means comments or statements to the press, on the internet, in the media and/or otherwise published, posted, or sent through any media (including social media), or to any individual or entity with whom the Releasees have a business relationship which would adversely affect that relationship or the reputation of the Releasees.

11.     Plaintiffs agree not to solicit or encourage current or former interns of Defendant to bring a lawsuit or other legal action alleging that Defendant has violated the FLSA, NYLL, and/or other state or local wage/hour laws, including, but not limited to, claims for unpaid wages.

## PARTIES' AUTHORITY

12.     The signatories hereto hereby represent and warrant to the Parties that they are fully authorized to enter into this Agreement and bind the Parties hereto.

8

## MUTUAL FULL COOPERATION

13.     The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this Agreement. The Parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement and the terms set forth herein.

## NO PRIOR ASSIGNMENTS

14.     The Parties and their counsel represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

## NO ADMISSION

15.     Nothing contained herein, nor the consummation of this Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant or any of the Releasees. The Parties have entered into this Agreement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expense.

9

## ENFORCEMENT ACTIONS

16.    In the event that one or more of the Parties institutes a legal action or other proceeding against any other party or Parties to enforce the provisions of this Agreement or to declare rights and/or obligations under this Agreement, the successful party or Parties shall be entitled to recover from the unsuccessful party or Parties, to the maximum extent allowable by law, reasonable attorneys' fees and costs in connection with any enforcement actions.

## CONSTRUCTION

17.    The Parties hereto agree that the terms and conditions of this Agreement are the result of arms-length negotiations among the Parties, and this Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her or its counsel participated in the drafting of this Agreement.

## CAPTIONS AND INTERPRETATIONS

18.    Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any provision hereof.  Each term of this Agreement is contractual and not merely a recital.

## NO LEGAL ADVICE

19.    No Party nor counsel for any Party has given or offered legal advice to any other Party, and nothing in this Agreement constitutes legal advice.  Each Party has relied solely on legal advice from its own attorneys.  To the extent that this Agreement, or any of its attachments,

10

is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.

## MODIFICATION

20.    This Agreement may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court.  This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

## ENTIRE AGREEMENT

21.    This Agreement contains the entire agreement between the Parties relating to the settlement contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are superseded by this Agreement.  No rights hereunder may be waived except in writing.  This is an integrated agreement.

## BINDING ON ASSIGNS

22.    This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

## CHOICE OF LAW AND ENFORCEABILITY

23.    This Agreement shall be governed by and construed under the laws of the State of New York, without regard to its rules regarding conflicts of laws.

11

24.     Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, and such provision cannot be interpreted or modified so as to be enforceable, excluding the general release language in Paragraph 2, such provision shall immediately become null and void, leaving the remaining provisions of this Agreement in full force and effect. If, however, any portion of the general release language in Paragraph 2 is ruled to be unenforceable as to Plaintiffs in any action instituted by or on behalf of Plaintiffs, Plaintiffs shall return the Settlement Payment paid hereunder to Defendant.

## **CONSULTATION AND LACK OF COERCION**

25.     Plaintiffs acknowledge that they have been advised in writing and offered the opportunity to discuss this Agreement and its contents with their attorneys. Plaintiffs acknowledge that they have fully discussed this Agreement with their attorneys with respect to the meaning and effect of the provisions of this Agreement, or have voluntarily chosen to sign this Agreement without consulting their attorneys, fully understanding the content, meaning and legal effect and consequences of this Agreement. Plaintiffs further acknowledge that they are executing this Agreement voluntarily and free of any duress or coercion.

## **COUNTERPARTS AND SIGNATURES**

26.     This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to the Parties and each of them. The Parties may sign this Agreement and exchange signed copies by fax, email, or other electronic means, each of which shall be as valid as an original.

12

EXECUTED on the date(s) set forth below.

SONY MUSIC ENTERTAINMENT

By: _____   Dated: _11_/_11_/_15_
   Name: Wade Leak
   Title: Sr. VP, Deputy GC


_____   Dated: _____
Katherine Moreno


STATE OF _____   )
                     : ss.:
COUNTY OF _____   )


On this _____ day of _____, 2015, before me, a Notary Public of the State of
_____, personally appeared Katherine Moreno, to me known and known to me to be the
person described and who executed the Agreement and di then and there acknowledge to me that
she voluntarily executed the same.


_____
Notary Public

EXECUTED on the date(s) set forth below.

SONY MUSIC ENTERTAINMENT

By: _____          Dated: _____
    Name:
    Title:


Katherine Moreno                                          Dated: 11/12/2015

STATE OF FLORIDA    )
COUNTY OF MIAMI-DADE    : ss.:

On this  12th  day of  NOV , 2015, before me, a Notary Public of the State of
FLORIDA, personally appeared Katherine Moreno, to me known and known to me to be the
person described and who executed the Agreement and di then and there acknowledge to me that
she voluntarily executed the same.

Nota___ _____

**MATJAZ RUZIC**
Notary Public - State of Florida
My Comm. Expires Feb 1, 2017
Commission # EE 842178
Bonded Through National Notary Assn.

13

Aaron Dumas

Dated: 11/12/15

STATE OF California )
                        : ss.:
COUNTY OF San Bernardino )

On this 12th day of November, 2015, before me, a Notary Public of the State of California, personally appeared Aaron Dumas, to me known and known to me to be the person described and who executed the Agreement and di then and there acknowledge to me that he voluntarily executed the same.

REBECCA D. HOLGUIN
Commission # 1965457
Notary Public - California
San Bernardino County
My Comm. Expires Jan 1, 2016

Notary Public

Dated: _____

Ikenna Okpala

STATE OF _____ )
                        : ss.:
COUNTY OF _____ )

On this _____ day of _____, 2015, before me, a Notary Public of the State of _____, personally appeared Ikenna Okpala, to me known and known to me to be the person described and who executed the Agreement and di then and there acknowledge to me that he voluntarily executed the same.

Notary Public

14

_____       Dated: _____

Aaron Dumas


STATE OF _____        )
                          : ss.:
COUNTY OF _____       )


On this _____ day of _____, 2015, before me, a Notary Public of the State of _____, personally appeared Aaron Dumas, to me known and known to me to be the person described and who executed the Agreement and di then and there acknowledge to me that he voluntarily executed the same.


                                        _____
                                        Notary Public


_____       Dated: 11/11/15

Ikenna Okpala


STATE OF _NY_              )
                          : ss.:
COUNTY OF _NY_             )


On this _11th_ day of _nov_, 2015, before me, a Notary Public of the State of _New York_, personally appeared Ikenna Okpala, to me known and known to me to be the person described and who executed the Agreement and di then and there acknowledge to me that he voluntarily executed the same.


                                        _____
                                        Notary Public

MAIRA YACQUELIN ADAMES
Notary Public, State of New York
No. 01AD6315650
Qualified in New York County
Commission Expires Dec. 01, 2018

14

**<u>EXHIBIT A</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KATHERINE MORENO and AARON DUMAS,
etc.,

                            Plaintiffs,

                -against-

SONY MUSIC ENTERTAINMENT, and/or any
other entities affiliated with or controlled by
SONY MUSIC ENTERTAINMENT,

                           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Civil Action No. 13-cv-5708

**STIPULATION AND ORDER OF
DISMISSAL WITH PREJUDICE**

GEORGE B. DANIELS, District Judge:

        WHEREAS, the Order dated _____, granted Plaintiffs' motion for approval of the

Settlement Agreement & General Release.

        Accordingly, the Clerk of the Court is respectfully directed to close this case.

Dated: _____
        New York, New York

                                        _____
                                        George B. Daniels, U.S.D.J.