UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHERINE MORENO and AARON DUMAS, etc.,<br><br>                                                       Plaintiffs,<br><br>- against –<br><br><br>SONY MUSIC ENTERTAINMENT, and/or any other entities affiliated with or controlled by SONY MUSIC ENTERTAINMENT,<br><br>                                                       Defendant. | Case No.<br>13 Civ. 5708 (GBD) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPROVAL OF SETTLEMENT AND ATTORNEYS' FEES AND COSTS

VIRGINIA & AMBINDER, LLP
LaDonna M. Lusher, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
Tel:     (212) 943-9080

LEEDS BROWN LAW, P.C.
Jeffrey K. Brown
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel:     (516) 873-9550

**TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I. THE PARTIES' SETTLEMENT IS FAIR AND REASONABLE. . . . . . . . . . 3

II. PLAINTIFFS' COUNSEL ARE ENTITLED TO REASONABLE ATTORNEYS' FEES AND COSTS ............................................................................... 4

    A. Plaintiffs' Counsel Time and Costs Spent On this Matter Are Reasonable …………………………………………………… ……………… 5

    B. Plaintiffs' Counsel's Hourly Rates Are Reasonable ........................... 7

CONCLUSION……………………………………………………..……………. 11

## TABLE OF AUTHORITIES

PAGE

**CASES:**

*Alfaro v. Vardaris Tech, Inc.*
69 A.D.3d 436 (1st Dept. 2010) ............................................................................... 8

*Andrejuk v. National Environmental Safety Co. Inc.*
94 Civ. 4638 (S.D.N.Y.) ........................................................................................... 8

*Aparicio v. Iguana New York LTD.*,
(S.D.N.Y. 11-cv-1830) ............................................................................................. 9

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty of Albany*
522 F.3d 182, 190 (2d Cir. 2008)..........................................................................4, 7

*Asare v. Change Group N.Y., Inc.*,
2013 U.S. Dist. LEXIS 165935, 49-51 (S.D.N.Y. Nov. 15, 2013) ........................... 9

*Barone v. Safway Steel Products, Inc*.
2005 WL 2009882 (E.D.N.Y. 2005) ........................................................................ 8

*Behzadi v. Int'l Creative Mgmt. Partners, LLC*,
No. 14 Civ. 4382 (S.D.N.Y. July 9, 2015) (Schofield, J.)…………………………….4

*Bliven v. Hunt*
579 F.3d 204, 213 (2d Cir. 2009)............................................................................. 4

*Brandy v. Canea Mare Construction, Inc.*
4 A.D.3d 512 (2nd Dept. 2006) ............................................................................... 8

*Brunson v. City of New York*
94 Civ. 4507 (S.D.N.Y.) ........................................................................................... 8

*Cardona v. The Maramont Corporation*
2009 NY Slip Op 32695U (Sup.Ct.N.Y.Co. Nov. 12, 2009) ................................... 7

*Cheeks v. Freeport Pancake House, Inc.*,
2015 U.S. App. LEXIS 13815 (2d Cir. Aug. 7, 2015).............................................. 2

*Cho v. Koam Medical Services, P.C.,*
524 F. Supp. 2d 202, 206 (E.D.N.Y. Nov. 30, 2007) ............................................... 4

**PAGE**

*Cox v. Nap Construction Company, Inc.*,
Index No. 11179/03 (Sup. Ct. N.Y. Co. 2004) ........................................................8, 10

*Dabrowski v. Abax Inc.*,
2010 NY Slip Op 31981U, aff'd 4 A.D.3d 633 (1st Dept. 2011) .............................7, 10

*De La Cruz v. Caddell Dry Dock & repair Co., Inc.*,
Index No.: 26220-2002 (Sup.Ct. Bronx.Co. Jan. 9, 2007) ........................................8, 10

*Espinoza v. 953 Assocs. LLC*,
280 F.R.D. 113, 130 (S.D.N.Y. 2011) ......................................................................7, 9

*Galdamez v. Biordi Constr. Corp.*
13 Misc. 3d 1224A (Sup.Ct.N.Y.Co. June 8 2006), *aff'd* 50 A.D.3d 357 (Apr. 8, 2008)
……...................................................................................................................... 8

*Garcia et al. v. The Executive Club*,
(S.D.N.Y. 10-cv-1545) ...........................................................................................9, 11

*Glatt v. Fox Searchlight Pictures, Inc.*,
293 F.R.D. 516 (S.D.N.Y. 2013) (Second Circuit docket no. 13-4481)……………….6

*Glatt v. Fox Searchlight Pictures, Inc.*,
No. 13-4481-CV, --- F.3d ---, 2015 WL 4033018 (2d Cir. July 2, 2015)……………….6

*Gonzalez v. Nicholas Zito Racing Stable, Inc.*
2008 U.S. Dist. LEXIS 27598 (E.D.N.Y. Mar. 31, 2008) ........................................... 8

*Guzman v. VLM, Inc.*,
2007 U.S. Dist. LEXIS 75817 (E.D.N.Y. Oct. 11, 2007) ............................................10

*Guzman v. VLM, Inc.*,
2008 U.S. Dist. LEXIS 15821 (E.D.N.Y. Mar. 2, 2008) ............................................. 8

*Husain v. Springer*,
2013 U.S. Dist. LEXIS 37134, 15-16 (E.D.N.Y. Mar. 14, 2013) ...............................4, 7

*In re Indep. Energy Holdings PLC Sec. Litig.*,
302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003)……………………………………….7

*Kalloo v. Unlimited Mech. Co. of NY*,
977 F. Supp. 2d 209 (E.D.N.Y. 2013) ...................................................................... 8

PAGE
                                                                                                   **PAGE**

*Kopacz, et al. v. St. Paul Fire and Marine Insurance Co., et al.*,
Index No.: 111154-2008 (Sup.Ct.N.Y.Co. 2011) .......................................................... 7

*Kudinov v. Kel-Tech Construction Inc.*
65 A.D.3d 481 *(1st Dept.* 2009) ............................................................................... 7

*Lujan v. Cabana Management, Inc.*
Index No. 10-cv-755 (E.D.N.Y. Feb. 1 2011) ............................................................. 7

*Lunday v. City of Albany*,
42 F.3d 131, 134 (2d Cir. N.Y. 1994) ........................................................................ 5

*McBeth, et al. v. Gabrelli Truck Sales Ltd., et al.*,
(E.D.N.Y. 09-cv-4112) ................................................................................................ 9

*Medley v. Am. Cancer Soc.*,
No. 10 Civ. 3214, 2010 U.S. Dist. LEXIS 75098 (S.D.N.Y. July 23, 2010) ................. 3

*Meigel v. Flowers of the World, NYC, Inc.*,
No. 11 Civ. 465 (KBF), 2012 U.S. Dist. LEXIS 2359 (S.D.N.Y. Jan. 9, 2012) ............ 4

*Montenegro v. Gita Properties, LLC*,
Docket No.12-CV-01669 (BMC) (E.D.N.Y. Sept. 9, 2012) ..........................................11

*Morris v. Alle Processing, Corp.*,
Docket No. 08-CV-4874 (E.D.N.Y. Dec. 22, 2009) ................................................7, 11

*Nawrocki v. Crimson Construction*
Docket No. 08-CV-3153 (E.D.N.Y. June 17, 2009) .................................................... 8

*Paguay v. Barbasso, Inc.*,
(S.D.N.Y. 11-cv-6266) ................................................................................................ 9

*Pajaczek v. Cema Constr. Corp.*
2008 NY Slip Op 50386U (Sup.Ct.N.Y.Co. Feb. 21, 2008) ........................................ 8

*Perdue v. Kenny A.*,
559 U.S. 542, 130 S.Ct. 1662, 1676 (2010) ............................................................... 4

*Perez et al. v. AC Roosevelt Food Corp. et al.*,
(E.D.N.Y. 10-cv-4824) ................................................................................................ 8

*Pesantez v. Boyle Environmental Services, Inc.*

**PAGE**

Index No. 128988/93 (Sup. Ct. N.Y. Co. 1998), *aff'd* 251 A.D.2d 11, 673 N.Y.S.2d 659
(1st Dept. 1998) ................................................................................................................ 8

*Sandoval et al. v. Galaxy Gen. Contr. Corp., et al.*,
No. 10-cv-5771 (S.D.N.Y. Aug. 23, 2013) ............................................................... 9

*Simmons v. N.Y. City Transit Auth.*,
575 F.3d 170, 174 (2d Cir. 2009) .......................................................................... 4

*Trs. of the Local 807 Labor Management Health Fund v. M&M Bldg. Prods.*
2010 U.S. Dist. LEXIS 31467 (E.D.N.Y. Mar. 17, 2010) ..............................................10

*Velez v. Majik Cleaning Serv.*
2005 U.S. Dist. LEXIS 709 (S.D.N.Y. Jan. 19, 2005) .................................................. 8

*Wang v. Hearst Corp.,* 293 F.R.D. 489, 496
(S.D.N.Y. 2013) (Second Circuit docket no. 134480)……………………………………….. 6

*Willix v. HeathFirst Inc.*
2011 U.S. Dist. LEXIS 21102, at *15-17 (E.D.N.Y. Feb. 18, 2011) ...........................10

*Wolinksy v. Scholastic Inc.*,
900 F. Supp. 2d 332 (S.D.N.Y. 2012) .....................................................................2, 3

*Wysocki v. Kel-Tech Construction, Inc.*
Index No.: 603591-2003 (Sup.Ct.N.Y.Co. Sept. 26, 2005) ........................................... 8

*Zepeda et al. v. Franari Produce Distributors Inc., et al.*,
(EDNY 10-cv-2588) (Bianco, J.) ........................................................................... 7

**STATUTES:**

29 U.S.C. § 216(b) ................................................................................................... 2

29 U.S.C. § 206……………………………………………………………………………………2

**RULES:**

Fed. R. Civ. Pro. 41(a)(1)(A)(ii)................................................................................ 2

On August 15, 2013, Named Plaintiffs Katherine Moreno and Aaron Dumas commenced this action pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA") 29 U.S.C. §§ 206 and 216(b) to recover unpaid minimum wages allegedly owed to them and all similarly situated interns who are presently or were formerly engaged by SONY MUSIC ENTERTAINMENT and/or any other entities affiliated with or controlled by SONY MUSIC ENTERTAINMENT (hereinafter referred to as "Defendant"). Through the diligent efforts of Plaintiffs' counsel, Named Plaintiffs Katherine Moreno and Aaron Dumas, and Opt-in Plaintiff Ikenna Okpala (collectively "Plaintiffs") have recovered a significant amount of wages, as set forth in the Settlement and Release Agreement ("Agreement"). [See Exhibit 1 attached to the Declaration of LaDonna M. Lusher dated December 4, 2015 ("Lusher Decl.").]

Plaintiffs submit this memorandum of law in support of their unopposed motion for approval of the settlement reached in this case, pursuant to the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 2015 U.S. App. LEXIS 13815 (2d Cir. Aug. 7, 2015) (holding that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect."). In *Cheeks,* the Court recognized that requiring the approval of the district court is consistent with the purposes of the FLSA, including its primary remedial purpose of "prevent[ing] abuses by unscrupulous employers, and remedy[ing] the disparate bargaining power between employers and employees." *Id*. at *20. As set forth in further detail below, and in accordance with *Wolinksy v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), the parties are in agreement that this settlement is fair and reasonable, consistent with the underlying purposes of the FLSA, and is the product of equal bargaining.

In assessing the fairness of a settlement, courts consider the totality of circumstances including but not limited to several factors such as: (1) the range of possible recovery; (2) the

extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement "is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Wolinksy*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214, 2010 U.S. Dist. LEXIS 75098 (S.D.N.Y. July 23, 2010)). Based on an analysis of these factors, the parties in the extant action are confident that the negotiation process was conducted at arm's length and should pass this Court's scrutiny.

### I. THE PARTIES' SETTLEMENT IS FAIR AND REASONABLE

Defendant has agreed to pay to Plaintiffs the gross sum of $67,000.00, inclusive of attorneys' fees. This settlement provides Plaintiffs Moreno and Dumas with 100% of what they allege they are owed and would seek at trial. Opt-in Plaintiff Okpala is receiving close to 100% of the unpaid wages he alleges are due. Plaintiffs' counsel acknowledges that the remainder of the settlement constitutes a reasonable attorneys' fee in light of all of the circumstances of this case. Thus, the settlement should be approved as fair and reasonable because it contemplates recovery of all, or a substantial portion, of damages allegedly owed to the Plaintiffs, while at the same time avoiding the risks associated with continued protracted litigation. The settlement awards consider the length of time each Plaintiff interned, the amount of unpaid wages allegedly owed, the time and work that each Plaintiff contributed to the litigation, and the Defendant's defenses with respect to each Plaintiff. Additionally, since the onset of this matter, Defendant has maintained that all Plaintiffs were properly classified as interns who benefited from the educational experience they received by participating in Defendant's internship program, and therefore not entitled to wages as a matter of law.

In light of these considerations, final approval of the settlement reached in this case is warranted. Considering the risks and the uncertainty of protracted litigation and trial, Plaintiffs' counsel believes that this settlement is a fair result under the circumstances, and should be approved. See e.g. *Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3, 11 Civ. 465 (KBF) (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.") (internal citations omitted). Most importantly, the Plaintiffs are satisfied with the settlement amount, and voluntarily and willingly entered into the Agreement.

## II. PLAINTIFFS' COUNSEL ARE ENTITLED TO REASONABLE ATTORNEYS' FEES AND COSTS

The settlement provides for attorneys' fees and costs in the amount of $54,000.00. The standard for awarding attorneys' fees and costs is one of reasonableness. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." *Husain v. Springer*, No. 97 CV 2982 (NG) (CLP), 2013 U.S. Dist. LEXIS 37134, 15-16 (E.D.N.Y. 2013) (citing *Perdue v. Kenny A.*, 559 U.S. 542, 130 S.Ct. 1662, 1676 (2010)). In considering an application for attorneys' fees and costs, the Second Circuit determines a "presumptively reasonable fee" which is "the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty of Albany¸* 522 F.3d 182, 190 (2d Cir. 2008). The presumptively reasonable fee is determined by reference to the number of hours reasonably expended on the litigation multiplied by the reasonable fee to be charged for those hours. *See generally Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009). In calculating this fee, courts generally consider the prevailing market rate for similar services by lawyers of "reasonably comparable skill, experience and reputation." *Cho v. Koam Medical Services, P.C.*, 524 F. Supp. 2d 202, 206

4

(E.D.N.Y. Nov. 30, 2007); *see also Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (holding that courts should use the hourly rates employed in the district where the case is heard).

### A. Plaintiffs' Counsel Time and Costs Spent On This Matter Are Reasonable

Plaintiffs' Counsel zealously litigated this case, including the successful negotiation of a settlement on behalf of Plaintiffs, and are thus entitled to reasonable attorneys' fees and costs. As stated by the 2nd Circuit in *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. N.Y. 1994):

> This court declines to second guess experienced counsel in deciding whether the hours devoted to research, drafting, interviewing, and consulting were necessary. To engage in such detailed hour by hour review is to demean counsel's stature as officers of the court and I have no intention of substituting my after-the-fact judgment for that of counsel who engaged in whatever research and other activities they felt necessary.

Here, Plaintiffs' Counsel conducted thorough investigations of Plaintiffs' claims, including conducting extensive legal research on the underlying merits, the likelihood of collective and class certification, obtaining liquidated damages and an extended FLSA statute of limitations, the proper measure of damages, and Defendant's affirmative defenses. Lusher Decl. ¶ 4. Significant motion practice was required, including moving for conditional certification of the FLSA collective, opposing Defendants' two motions to strike, and successfully moving to amend the complaint. *Id.* Plaintiffs' Counsel also spent considerable time on formal discovery, including drafting demands and responding on behalf of Plaintiffs, and reviewing thousands of pages of documents obtained in discovery. *Id.* Plaintiffs' Counsel also prepared for and attended depositions of Named Plaintiffs Moreno and Dumas, and depositions of four of Defendant's witnesses. Plaintiffs' Counsel also engaged in ongoing communications with Plaintiffs. *Id.*

5

Plaintiffs' Counsel successfully negotiated this settlement after numerous settlement discussions with Defendant's Counsel, and drafted this motion for final approval. *Id.*

In performing these tasks, Plaintiffs' Counsel expended approximately 585 hours of attorney, paralegal, and staff member time – an aggregate lodestar of $209,327.91. Plaintiffs' counsel's agreement in the settlement to accept $54,000 to compensate them for fees and expenses is therefore extremely reasonable, and Plaintiffs do not request any additional award. Lusher Decl. ¶ 5. The hours Plaintiffs' counsel expended are reasonable for a case like this one and were compiled from contemporaneous time records maintained by each attorney, paralegal, and support staff participating in the case. Lusher Decl. ¶ 6. Plaintiffs' Counsel used a small team of attorneys at any one time in order to minimize duplication of efforts and maximize billing judgment and made every effort to have the work performed by the attorney or paralegal with the lowest hourly rate who was able to effectively perform it.   Lusher Decl. ¶ 7.

Moreover, Plaintiffs' Counsel undertook to prosecute this action without any assurance of payment for their services, litigating this case on a wholly contingent basis in the face of significant risk. Lusher Decl. ¶ 8. Plaintiffs' claims involved the unsettled question of whether unpaid interns are "employees" entitled to minimum wages under the FLSA. The question of the proper test for determining whether an intern is entitled to compensation under the FLSA was unsettled law during almost the entirety of this action. *See Wang v. Hearst Corp.,* 293 F.R.D. 489, 496 (S.D.N.Y. 2013) (Second Circuit docket no. 13-4480); *Glatt v. Fox Searchlight Pictures, Inc.*, 293 F.R.D. 516 (S.D.N.Y. 2013) (Second Circuit docket no. 13-4481). This risk was recognized in another unpaid intern settlement where the Court noted that "the Settlement Classes and Class Counsel faced a significant risk from the uncertainty of the law with respect to how to determine whether unpaid interns are entitled to compensation, as borne out by the recent

6

decision in *Glatt v. Fox Searchlight Pictures, Inc.*, No. 13-4481-CV, --- F.3d ---, 2015 WL 4033018 (2d Cir. July 2, 2015)." *Behzadi v. Int'l Creative Mgmt. Partners, LLC*, No. 14 Civ. 4382 (S.D.N.Y. July 9, 2015) (Schofield, J.).

Plaintiffs' Counsel also incurred $10,936.94 in out-of-pocket expenses. "Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were 'incidental and necessary to the representation' of those clients." *In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003) (internal citation and quotation marks omitted). Here, Plaintiffs' Counsel incurred actual expenses of $10,936.94 for costs such as court and process server fees, postage and courier fees, transportation, deposition costs, discovery costs, photocopies, and legal research. Lusher Decl. ¶ 10. These expenses were incidental and necessary to the representation of Plaintiffs, and are included in the agreed-upon settlement amount. *Id*

Plaintiffs' attorneys have submitted a compilation of their time and expense records for the Court's consideration on this motion. [See Lusher Decl., Exhibit 2.] Plaintiffs' actual time and expenses far exceed the amount of attorneys' fees and costs set forth in the settlement. Due to the unique circumstances of this action, Plaintiffs have agreed to accept $54,000.00 in fees and costs. Plaintiffs' Counsel requests that the Court approve this settlement.

### B. Plaintiffs' Counsel's Hourly Rates Are Reasonable

Plaintiffs' Counsel's hourly rates are reasonable. "The 'presumptively reasonable fee' for an attorney's work is what a reasonable client would be willing to pay for that work." *Husain*, No. 97 CV 2982 (NG) (CLP), 2013 U.S. Dist. LEXIS 37134 at 16 (*quoting Arbor Hill*, 522 F.3d 182, at 190.

Plaintiffs' Counsel has substantial experience prosecuting wage and hour class and collective actions, and has represented thousands of workers to recover unpaid wages. *See*

7

*Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113, 129-130 (S.D.N.Y. 2011) (Scheindlin, J.); *Lujan v. Cabana Management, Inc.*, Index No. 10-cv-755 (E.D.N.Y. Feb. 1 2011) (Block, J.); *Zepeda et al. v. Franari Produce Distributors Inc., et al.*, (EDNY 10-cv-2588) (Bianco, J.); *Kopacz, et al. v. St. Paul Fire and Marine Insurance Co., et al.*, Index No.: 111154-2008 (Sup.Ct.N.Y.Co. 2011); *Dabrowski v. ABAX Inc.*, 2010 NY Slip Op 31981U, aff'd 4 A.D.3d 633 (1st Dept. 2011); *Cardona v. The Maramont Corporation*, 2009 NY Slip Op 32695U (Sup.Ct.N.Y.Co. Nov. 12, 2009); *Kudinov v. Kel-Tech Construction Inc.,* 65 A.D.3d 481 *(1st Dept.* 2009); *Morris v. Alle Processing, Corp.*, Docket No. 08-CV-4874 (E.D.N.Y. Dec. 22, 2009); *Nawrocki v. Crimson Construction*, Docket No. 08-CV-3153 (E.D.N.Y. June 17, 2009); *Cox v. Nap Construction Company, Inc.*, Index No. 11179/03 (Sup. Ct. N.Y. Co. 2004) (Cahn, J.), aff'd, 10 N.Y.3d 592 (2008); *Galdamez v. Biordi Constr. Corp.*, 13 Misc. 3d 1224A (Sup.Ct.N.Y.Co. June 8 2006), aff'd 50 A.D.3d 357 (Apr. 8, 2008); *Gonzalez v. Nicholas Zito Racing Stable, Inc.*, 2008 U.S. Dist. LEXIS 27598 (E.D.N.Y. Mar. 31, 2008); *Guzman v. VLM, Inc.*, 2008 U.S. Dist. LEXIS 15821 (S.D.N.Y. Mar. 2, 2008); *Pajaczek v. Cema Constr. Corp.* 2008 NY Slip Op 50386U (Sup.Ct.N.Y.Co. Feb. 21, 2008); *De La Cruz v. Caddell Dry Dock & Repair Co., Inc.*, Index No.: 26220-2002 (Sup.Ct. Bronx.Co. Jan. 9, 2007); *Brandy v. Canea Mare Construction, Inc.,* 4 A.D.3d 512 (2nd Dept. 2006); *Wysocki v. Kel-Tech Construction, Inc.*, Index No.: 603591-2003 (Sup.Ct.N.Y.Co. Sept. 26, 2005); *Velez v. Majik Cleaning Serv.*, 2005 U.S. Dist. LEXIS 709 (S.D.N.Y. Jan. 19, 2005); *Alfaro v. Vardaris Tech, Inc.*, 69 A.D.3d 436 (1st Dept. 2010); *Barone v. Safway Steel Products, Inc.*, 2005 WL 2009882 (E.D.N.Y. 2005); *Brunson v. City of New York*, 94 Civ. 4507 (S.D.N.Y.); *Andrejuk v. National Environmental Safety Co. Inc.*, 94 Civ. 4638 (S.D.N.Y.); *Pesantez v. Boyle Environmental Services, Inc.*, Index No. 128988/93 (Sup. Ct. N.Y. Co. 1998) (Cahn, J.), *aff'd* 251

A.D.2d 11, 673 N.Y.S.2d 659 (1st Dept. 1998). The vast majority of Plaintiffs' Counsel's clients are low wage hourly workers without the means to pay for legal services.

Numerous courts have approved the same or similar hourly rates that Plaintiffs' Counsel seeks here. *See e.g. Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113, 130 (S.D.N.Y. 2011) (Judge Shira A. Scheindlin approving partners at $550 per hour, associates at $395.00 per hour, and paralegals at $125.00 per hour); *Garcia et al. v. The Executive Club* (S.D.N.Y. 10-cv-1545) (Judge Stein approving same hourly wage rates); *Sandoval et al. v. Galaxy Gen. Contr. Corp., et al.*, No. 10-CV-5771 (S.D.N.Y. Aug. 23, 2013) (Judge Gardephe approving same); *Aparicio v. Iguana New York LTD*, (SDNY 11-cv-1830) (Judge Pauley approving partners at $550 per hour, associates at up to $425 per hour, and paralegals at $125 per hour); *Sandoval et al. v. Galaxy Gen. Contr. Corp., et al.*, (S.D.N.Y. 10-CV-5771) (Judge Gardephe approving same hourly wage rates); *Perez et al. v. AC Roosevelt Food Corp. et al.* (EDNY 10-cv-4824) (in contested fee application, Judge Gleeson approving hourly rates of $525.00 for partners, $395.00 for associates and $125.00 for paralegals); *Kalloo v. Unlimited Mech. Co. of NY*, 977 F. Supp. 2d 209 (E.D.N.Y. 2013) (in contested fee application after successful bench trial, Judge Gershon approving Plaintiffs' Counsel's voluntarily reduced billing rates of $495.00 for partners, $325.00 for associates, and $100.00 for paralegals); *Paguay v. Barbasso, Inc.*, (S.D.N.Y. 11-CV-6266) (in contested fee application after successful jury trial, Judge Caproni approving $525.00 for partners, $365.00 for associates, $200.00 for junior associates, and $125.00 for paralegals); *McBeth, et al. v. Gabrelli Truck Sales Ltd., et al.* (EDNY 09-cv-4112) (Judge Wexler approving hourly rates of partners at $495.00 per hour, of counsel at $425.00 per hour, associates at $325 to $395 per hour, and paralegals at $95.00 to $150.00 per hour).

9

Plaintiffs' Counsel's rates are also on par with other highly specialized employment attorneys. *See Asare v. Change Group N.Y., Inc.*, 2013 U.S. Dist. LEXIS 165935, 49-51 (S.D.N.Y. Nov. 15, 2013) (approving requested rates in part because other courts within the Second Circuit had approved these hourly rates); *Willix v. HeathFirst Inc.*, 2011 U.S. Dist. LEXIS 21102, at *15-17 (E.D.N.Y. Feb. 18, 2011) (approving rates of $740 per hour for partners and $400 per hour for associates where "[c]lass [c]ounsel have substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in wage and hour law and in class action law."); *See Trs. of the Local 807 Labor Management Health Fund v. M&M Bldg. Prods.*, 2010 U.S. Dist. LEXIS 31467 (E.D.N.Y. Mar. 17, 2010) (approving $125 per hour for paralegal work).

Plaintiffs' Counsel's highly specialized employment practice and esteemed reputation in the community warrants their hourly rates. Many of the wage and hour cases litigated by Plaintiffs' Counsel have resulted in seminal decisions that are routinely cited by courts throughout the country. *See Guzman v. VLM, Inc.*, 2007 U.S. Dist. LEXIS 75817 (E.D.N.Y. October 11, 2007) and 2008 U.S. Dist. LEXIS 15821 (E.D.N.Y. Mar. 2, 2008) (seminal decision pertaining to collective and class certification that has been cited by courts in the Second Circuit in over 75 published opinions, as well as district courts in the First, Third, Fourth, Fifth, Seventh, Eight, and Tenth Circuits). Plaintiffs' Counsel has also argued other first impression cases which have had a strong influence on employment law in New York and New Jersey. *See Cox v. Nap Construction Company, Inc.*, Index No. 11179/03 (Sup. Ct. N.Y. Co. 2004) (Cahn, J.), *aff'd*, 10 N.Y.3d 592 (2008); *De La Cruz v. Caddell Dry Dock & Repair Co., Inc.*, 21 N.Y.3d 530 (2013).

Numerous courts have commented on Plaintiffs' Counsel's vast experience as employment litigators, and efficient representation. *See Dabrowski v. Abax Inc.*, 84 A.D.3d 633, 634, 923

10

N.Y.S.2d 505 (N.Y. App. Div. 2011) (observing that Plaintiffs' Counsel "has demonstrated its expertise and zealous representation of the plaintiffs here, as well as in prior class action cases which have reached this court on appeal"); *Morris v. Alle Processing Corp.*, 2013 U.S. Dist. LEXIS 64534, 34-35 (E.D.N.Y. May 6, 2013) ("With respect to the qualifications and experience of plaintiffs' counsel, Virginia and Ambinder LLP, the Court finds that they are experienced labor and employment litigators who have successfully represented employees in numerous wage and hour class and collective action lawsuits."); *Garcia v. Exec. Club LLC*, 2012 U.S. Dist. LEXIS 189823 (S.D.N.Y. May 10, 2012) ("Class Counsel have experience prosecuting and settling employment class actions, including wage and hour class actions and are well-versed in wage and hour law and in class action law."); *Montenegro v. Gita Properties, LLC*, Docket No.12-CV-01669 (BMC) (E.D.N.Y. Sept. 9, 2012) (Judge Cogan commending Plaintiffs' Counsel for the "professional and efficient manner in which they handled the case….").[1]

Plaintiffs' Counsel is highly respected by employment counsel in the New York metropolitan area and continues to receive influential decisions that help shape the wage and hour landscape. Plaintiffs' Counsel's hourly rates are therefore reasonable and should be approved.

## CONCLUSION

It is respectfully requested that this Court grant Plaintiffs' motion for final approval of this FLSA Settlement inclusive of attorneys' fees and costs, on the terms set forth in the Settlement Agreement.

---

[1] The *Montenegro* action was handled by Plaintiffs' Counsel *pro bono* along with Make the Road New York. Judge Cogan noted that "plaintiff's attorneys have the special recognition of the Court for taking on this difficult matter on a *pro bono* basis. We need more lawyers like the ones I saw in this case." *Id*.

Dated: New York, New York
       December 22, 2015
                              VIRGINIA & AMBINDER, LLP

                              By: <u>LaDonna M. Lusher</u>
                              40 Broad Street, 7th Floor
                              New York, New York 10004
                              Tel:   (212) 943-9080
                              Fax:   (212) 943-9082

12